## WALKER et v WALKER

Ohio Appeals, 7th Dist, Mahoning Co

Decided June 13, 1933

Donald Sciple, Canton, for plaintiffs in error.

William B. Quinn, Canton, for defendant in error.

**OPINION**

By FARR, J.

The issues in this cause involve the consideration of certain items of the will of Byron Walker, deceased, notably items four, five and six, which read as follows:

"ITEM 4. It is my will that my Sebring home be given to my wife during the period of her natural life. At her death, it is my will that my said home in Sebring, Ohio, be given to my son, Roy Walker, at the sum of $4,000.00.

ITEM 5. It is my will that all the money in the hands of my executor from the sale of my said farm, and from my home in Sebring, Ohio, and all other property that I may have at the time of my death, be divided as follows:—To my son, Roy Walker, $1000.00. All the balance remaining in his hands after the payment of said $1000.00 to be divided equally between my said son, Roy and Alpheus Walker.

ITEM 6. It is my will that any heir who is not satisfied with the terms of this my Last Will and Testament is to be given one half of what my will gives to him and the other half is to be given to the satisfied heir."

Special reference may be had to Item 4, since it is the basis of the claim prosecuted by Alpheus Walker against the widow and heirs at law of Roy Walker, deceased. It will be observed that Item 4 provides that the home in Sebring was to be held by the widow, Savilla Walker, during the remainder of her natural life, and that at her death the same was devised to Roy Walker upon the payment of the sum of $4,000. It is urged in this connection that Roy Walker, during his life, by his conduct indicated that he accepted the terms of said Item 4, and elected to take the home in Sebring and to pay therefor the sum of $4,000. It is further urged that after his death his widow and heirs at law likewise elected to accept the terms and provisions of said Item. However, an examination of the testimony in this case fails to disclose that Roy Walker during his life time elected to take said property so devised to him by said will. It is further to be noted that at the time of Roy's death the life estate of his mother, Savilla Walker, had not been determined in said property. Therefore, it is at least inconsistent to say that Roy Walker had elected to take said property under said Item 4. However, it is further urged that his widow and three minor sons so elected after his death. It is disclosed that Pearl Walker, his widow, occupied said premises for some time, paying the taxes thereon, making repairs and thereby paying rent therefor. This conduct upon her part does not indi-

cate any election to accept the terms of said Item, but rather to the contrary, in view of the fact that she became a tenant only of said property, and this is further disclosed by the payment of taxes, repairs and so forth, on said property and out of the rentals for the same.

It is further claimed that acceptance is shown upon the part of Pearl Walker and her sons by the division of the money arising from the sale of the farm owned by the decedent at the time of his death. However, it may be said here that Pearl Walker could not have accepted the benefits of said devise for her three minor sons, nor could they have elected to accept said property because they were minors and could not so elect in their own behalf. However, there is another reason, which perhaps is stronger than any other in this case, that Roy Walker or his personal representative or his widow or heirs at law did not accept the provisions of said Item, and that is because it is disclosed that Alpheus Walker entered into an agreement with Pearl Walker concerning the division of the funds arising from said estate. This clearly may be considered as a substitute for any other arrangements concerning said property, and may be considered to have been a family settlement, which is a favorite of the law and always upheld when the same may be properly done. Alpheus Walker voluntarily entered into this arrangement. Therefore, the affairs of the estate were adjusted among the parties in interest and in their own way, and Alpheus Walker having participated in such arrangement may not now be heard to make a claim inconsistent therewith. It should be observed also that the provision of Item 4 is to the effect that Roy Walker might elect to take the Sebring property, but there is no indication in the will that this right inhered in any other person and because Roy Walker died before his mother, the time had not arrived for him to elect to take the same. Therefore, the right can not·be said to inhere in another person. 40 CYC, 1973; **Milliken v Welliver, 37 Oh St, 460.**

In view of the foregoing it follows that the judgment should be reversed and the cause remanded and it is so ordered.

Judgment reversed.

POLLOCK and ROBERTS, JJ, concur in the judgment.